IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROY BRYANT, #N41534, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2541-RJD |
| | ) |
| PERCY MYERS, M.D.., | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Percy Myers, M.D. (Docs. 43 and 44). Plaintiff filed a Response (Doc. 45) and Defendant filed a Reply (Doc. 46). As explained further, Defendant's Motion is GRANTED.

Background

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 USC §1983. Doc. 1. In his Complaint, Plaintiff alleged that he injured his back and knees in early 2023 when he slipped and fell in the shower at Centralia Correctional Center ("Centralia"). *Id*., p. 7. Plaintiff contends that Dr. Myers treated his injuries with deliberate indifference, causing Plaintiff to suffer with chronic pain. *Id*. After the Court conducted a threshold review pursuant to 28 U.S.C. §1915A, Plaintiff proceeded on one Eighth Amendment claim against Dr. Myers. Doc. 17.

Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-*

*Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Plaintiff's deposition testimony**

Plaintiff lives in the infirmary at Centralia. Doc. 1, p. 13. He lived there prior to the events at issue in this case. Id. In the infirmary, he sees a doctor weekly. Id. Plaintiff fell in the shower room on March 18, 2023. Doc. 45-1, p. 7. He fell on his back and hip, then turned and hit his knee. Id. An officer and a porter had to help him up off the shower floor. Id., p. 8. A nurse came into the shower room and asked him if he was all right. Id., pp. 7-8. He told the nurse where he was hurting. Id., p. 8. Plaintiff was able to walk, but it was painful. Id., p .16. He received a wrap and a brace for his knee. Id., p. 16-17. His knee was "discolored a little." Id., p. 17. At some point in the next nine days, Plaintiff complained to nurses about still being in pain, and they gave him Tylenol. Id., p. 8.

Plaintiff saw Dr. Myers on March 28, 2023. Id. Plaintiff told Dr. Myers that he "slipped and fell in the shower" and hurt his "back and hip and [] knee." Id., p. 17. Dr. Myers looked at his knee and said "it wasn't discolored so therefore there was nothing wrong with [Plaintiff's] knee." Id., p. 8. Dr. Myers otherwise provided no treatment for or examination of Plaintiff's injuries. Id., pp. 8-9. Plaintiff told Dr. Myers that his pain was "about an 8." Id., p. 17.

Plaintiff saw Dr. Myers again on April 4, 2023. Id., p. 9. Dr. Myers told him that he was "getting old" and "that because [Plaintiff's] knee wasn't discolored, there was nothing wrong with [Plaintiff's] knee." Id., p. 9. Dr. Myers did not recommend any treatment or instructions on follow-up care. Plaintiff asked Dr. Myers to order an x-ray, but Dr. Myers refused. Id.

On April 30, 2023, Plaintiff fell on a concrete sidewalk. Id., p. 10. He thinks that he may have been using a cane at that time. Id. He underwent x-ray imaging of his wrist and shoulder. Id., pp. 10-11. The pain in his back, knee, and hip was not worse after the second fall. Id., p. 11.

Any time Plaintiff saw Dr. Myers after the March 18, 2023 fall, Plaintiff complained about pain in his back, hip, and knee. Id., p. 12. Plaintiff's back, hip, and knee are "always hurting" him. Id. No one has ever told him that he suffered an acute injury from his fall in the shower. Id., p. 13. He was still able to bend and move his back, hip, and knee after the fall, though it was painful to do so. Id., p. 14. Dr. Myers never performed a physical exam on Plaintiff's back, hip, or knee. Id., p. 17. On at least five occasions, Plaintiff requested that Dr. Myers order x-rays; Dr. Myers refused. Id., p. 18.

At the time of his deposition on March 26, 2025, Plaintiff was taking Tramadol for his pain. Id., p. 15. The pain from his fall has never resolved. Id., pp. 15, 18. Since the March 18, 2023 fall, Plaintiff has walked with a limp. Id., p. 17. He favors his left side. He cannot walk "as far as [he] want[s] to" because of the pain. Id., p .18. He has to use a wheelchair. Id. ,p .21. He also has numbness in his knee. Id.

**Plaintiff's medical records and affidavit by Dr. Myers**

In his affidavit, Dr. Myers explained that the Ace wrap Plaintiff received from the nurse on March 18, 2023 "can help reduce swelling and potentially ease pain." Doc. 44-4, ¶10. Dr. Myers saw Plaintiff three times between March 18, 2023 and May 30, 2023. Id., ¶¶12, 13, 14, 17. During that time, Dr. Myers did not offer any treatment or recommendations to Plaintiff other than Tylenol for his back, hip, and knee pain. Id. On May 30, 2023, Plaintiff told Dr. Myers

that the Tylenol was not helping in him. Id., ¶17. Dr. Myers ordered an x-ray of Plaintiff's right knee that "revealed no acute abnormalities" and "the surrounding soft tissues are normal." Id., ¶18 Doc. 44-3, p. 25.

Plaintiff saw Dr. Glen Babich on July 7, 2023. Id., ¶20. Dr. Babich ordered x-rays of Plaintiff's hip and lumbar spine. Id. The x-ray imaging on the hip showed on acute fracture or dislocation. *Id.*, ¶22. The x-ray imaging of the lumbar spine showed "no acute fracture. Consider MRI if symptoms are chronic or continue to persist." Doc. 44-3, p. 22. Dr. Babich saw plaintiff again on September 28, 2023 and diagnosed him with degenerative joint disease and degenerative disc disease. Doc. 44-4, ¶27. Dr. Myers explains that "degenerative joint disease is a condition where the cartilage that cushions the ends of bones in a joint wear down over time. It can lead to pain, stiffness, and reduced joint mobility." Id., ¶28. Degenerative disc disease is the "progressive deterioration of the discs between the vertebrae in the spine, often associated with aging." Id., ¶7.

In November 2023, Dr. Babich prescribed Duloxetine, a medication that is used to treat pain and stiffness related to "muscles and bones" or diabetes. Id., ¶30. In December 2023, Dr. Babich prescribed Tramadol to Plaintiff. Id., ¶31. Tramadol is "an opiod pain medication used to treat moderate to moderately severe pain." Id., ¶32.

Dr. Myers saw Plaintiff on two occasions in January 2024. Id., ¶¶33, 34. Dr. Myers ordered him to increase activity and approved his use of a walker. Id. Dr. Myers saw Plaintiff one last time in February 2024. He diagnosed Plaintiff with obesity, COPD, osteoarthritis, and chronic pain and instructed him to continue present medications. Id., ¶35.

### Discussion

Plaintiff contends that Dr. Myers violated his Eighth Amendment right to be free from cruel and unusual punishment. To prevail against Dr. Myers, Plaintiff must establish first that his pain was an "objectively serious medical condition" and second, that Dr. Myers subjectively knew

that the pain posed a "substantial risk of serious harm" to Plaintiff and nonetheless disregarded that risk. *Stocktown v. Milwaukee Cty*, 44 F. 4th 605, 614-15 (7th Cir. 2022) (internal citations and quotations omitted).

Here, Plaintiff's deposition testimony is sufficient evidence for a jury to find that Plaintiff's pain was an objectively serious medical condition. Construing the evidence in the light most favorable to Plaintiff, the Court assumes that Dr. Myers did not examine Plaintiff's knee or order any type of treatment on March 28, 2023 and told Plaintiff he was just "getting old." Summary judgment is nonetheless warranted in favor of Dr. Myers because no evidence suggests that Plaintiff "suffered harm at [Dr. Myers'] hands" on March 28, 2023 or later. *Gabb v. Wexford Health Sources, Inc*. 945 F.3d 1027, 1033-34 (7th. Cir. 2019). Plaintiff was already living in the infirmary at Centralia at the time of the fall and was monitored weekly by a physician. He had access to assistive devices. Nothing in the record suggests that a specific type of examination, earlier x-rays, or any another type of radiology or diagnostic tool would have led to a different course of treatment. No evidence indicates that prescribed pain medication would have been helpful; in fact, Dr. Babich has prescribed two different types of pain medication (including an opiod), and Plaintiff testified that he is still in pain.

In short, no evidence points to action that Dr. Myers should have taken to alleviate Plaintiff's pain. *Id*. Perhaps he could have ordered an MRI (as mentioned in the x-ray report), or referred Plaintiff to some type of specialist, but the undersigned could only speculate as to whether these actions would have resulted in Plaintiff's relief. The jury cannot be left "entirely to its own imagination about what could have been done." *Id*. Moreover, the Eighth Amendment does not entitle Plaintiff to specific care. *Walker v. Wexford Health Sources, Inc*., 940 F.3d 954 (7th Cir. 2019) (internal citations and quotations omitted). Summary judgment is therefore warranted in favor of Dr. Myers.

## Conclusion

Defendant's Motion for Summary Judgment (Doc. 43) is GRANTED and Plaintiff's claim is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly. All pending deadlines and hearings are VACATED.

**IT IS SO ORDERED.**

**DATE: November 26, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**